# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| REGINALD BELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOVERNMENT OF THE UNITED STATES VIRGIN ISLAND, DEPT. OF PLANNING AND NATURAL RESOURCES DIVISION OF LIBRARIES, ARCHIVES, MUSEUMS,<br><br>　　　　　Defendants.<br>_____ | Civil No. 2018-22 |

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon *pro se* plaintiff Reginald Bell's Motion [ECF 11], which the Court construes as a motion to amend his complaint to assert claims for emotional distress damages and punitive damages pursuant to 42 U.S.C. § 12117(a) and 29 U.S.C. § 794 (a) (1).[1]

Leave to amend pleadings is generally "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). Notwithstanding this liberal standard, however, courts will deny a motion to amend on grounds of dilatoriness or undue delay, prejudice, bad faith or futility. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990).

---

[1] Bell is entitled to amend his complaint as a matter of course under Federal Rule of Civil Procedure 15(a) (1); however, the Court should still perform an initial screening of Plaintiff's new claims pursuant to 28 U.S.C. § 1915(e)(2). Whether the Court engages in an initial screening of these new claims, or evaluates their validity in connection with a motion to amend, the standard to be applied is essentially the same.

*Bell v. Government of the United States Virgin Island*
Civil No. 2018-22
Page 2

Here plaintiff relies on several statutory provisions that he claims would support a request for damages under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973. [ECF 11]. The provisions plaintiff cites, however, do not apply to him. Bell asserts that under Title VII of the Civil Rights Act, he may request monetary relief. However, the remedies available under Title VII apply to claims of discrimination brought by employees.[2] Bell asserts his claim against the Defendants as a patron of the Florence Williams Public Library, not as an employee of the Library.

Bell's complaint is brought pursuant to Title II of the ADA. As a sister court explained, "Title II [of the ADA] contains an enforcement provision, § 12133, which incorporates the remedies of the Rehabilitation Act, 29 U.S.C. § 794a(a)(2), which, in turn, incorporates Title VI of the Civil Rights Act, 42 U.S.C. §§ 2000d, et seq." *Datto v. Harrison,* 664 F. Supp. 2d 472, 486-87 (E.D. Pa. Sept. 9, 2009).

Monetary damages under Title II of the ADA are available to the plaintiff who proves that the state's conduct violated the Constitution and, "when the state's conduct violates Title II but not the [Constitution] damages must be 'a congruent and proportional means of preventing and remedying' the violation of Title II." *Baxter v. Pa. Dep't of Corr.*, 2016 U.S. Dist. LEXIS 29846 at *6-7 (W.D. Pa. Mar. 7, 2016) (quoting *Bowers v. NCAA*, 475 F.3d 524, 554-55 (3d Cir. 2007)), *see also United States v. Georgia*, 546 U.S. 151, 159 (2006). Accordingly,

---

[2] 29 U.S.C. § 794, also cited by plaintiff, directs Executive agencies, the United States Postal Service, and organizations and institutions that receive Federal financial assistance to promulgate rules and regulations with respect to the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978.

*Bell v. Government of the United States Virgin Island*
Civil No. 2018-22
Page 3

plaintiff Bell may seek monetary relief under Title II of the ADA, but not under the provisions he cites in his motion to amend. As a result, the proposed amendment would be futile.

Upon the foregoing, the Court RECOMMENDS that Plaintiff's request to amend his complaint to add claims for monetary damages under the cited provisions be DENIED.

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. § 636(b)(1); LRCi 72.3.


Dated: August 31, 2018                                /s/
                                                      RUTH MILLER
                                                      MAGISTRATE JUDGE