# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| REGINALD BELL, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>GOVERNMENT OF THE UNITED STATES )<br>VIRGIN ISLANDS, AND DEPARTMENT OF )<br>PLANNING AND NATURAL RESOURCES, )<br>DIVISION OF LIBRARIES, ARCHIVES, )<br>AND MUSEUMS, )<br>)<br>Defendants. )<br>) | Civil Action No. 2018-0022 |

**Appearances:**
**Reginald Bell,** *Pro Se*
St. Croix, V.I.

**Erika Marie Scott, Esq.**
St. Croix, V.I.
 *For Defendant*

## ORDER ADOPTING REPORT AND RECOMMENDATION

**Lewis, Chief Judge**

 THIS MATTER comes before the Court on U.S. Magistrate Judge Ruth Miller's "Report and Recommendation" ("R&R") (Dkt. No. 15), in which Magistrate Judge Miller recommended that Plaintiff Reginald Bell's ("Plaintiff") *pro se* "Motion to the Court" ("Motion") (Dkt. No. 11) be denied. Plaintiff requested to amend his Complaint to include claims for emotional distress and punitive damages under certain provisions of the Americans with Disabilities Act, the Rehabilitation Act of 1973 and the Civil Rights Act of 1964.

 In his Complaint, Plaintiff alleges that Defendants violated Title II of the Americans with Disabilities Act, as amended, ("ADA"), 42 U.S.C. § 12131 *et seq.* ("Title II") by denying him

access to the Florence A. Williams Public Library (the "Library") on St. Croix, Virgin Islands, with his service animal. (Dkt. No. 1 at 3). Plaintiff seeks injunctive relief and monetary damages of $500,000 against Defendants. *Id.* at 4.

Plaintiff subsequently filed the instant Motion. (Dkt. No. 11). Following referral of the Motion to Magistrate Judge Miller for a report and recommendation, the Magistrate Judge recommended that Plaintiff's Motion to amend the Complaint to add claims for monetary damages under the cited provisions be denied. (Dkt. No. 15 at 3). A copy of the Magistrate Judge's R&R was mailed to Plaintiff at his last known address. (Dkt. No. 16). Over a year has elapsed and no objections to the Magistrate Judge's R&R have been filed, and the deadline to file any objections has long expired.[1]

In his single page Motion, Plaintiff requests emotional distress and punitive damages under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Rehabilitation Act of 1973. (Dkt. No. 11). Plaintiff provides no explanation or support regarding the application of these statutes to his circumstances. Plaintiff requested monetary damages of $500,000. *Id.*

As noted in the R&R, courts will give leave to amend pleadings "freely." (Dkt. No. 15 at 1 (citing *Foman v. David*, 371 U.S. 178, 182 (1962); *Arthur v. Maersk, Inc.*, 434 F.3d 196 202 (3d Cir. 2006))). However, courts will deny a motion to amend on the grounds of futility. *Id.* (citing *Dole v. Arco Chem, Co.*, 921 F.2d 484, 487 (3d Cir. 1990)).

In her R&R, Magistrate Judge Miller found that Plaintiff's request to amend his Complaint to add claims for emotional distress and punitive damages under the proposed statutes would have

---

[1] Objections to a magistrate judge's report and recommendation must be filed within 14 days. Fed. R. Civ. P. 72(b)(2).

2

been futile. Where the parties fail to timely object to a magistrate judge's R&R, there is no statutory requirement that the district court review the R&R before accepting it. *Thomas v. Arn*, 474 U.S. 140, 151 (1985); 28 U.S.C. § 636(b)(1)(C) (a district judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); *see also Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x 151, 153 (3d Cir. 2011) (recognizing that *Thomas* permits the district court to decline to review undisputed recommendations). Notwithstanding *Thomas*, the Third Circuit has determined that, even in the absence of an objection, the "better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Where no objections have been filed, the court reviews an R&R under the "plain error" standard of review. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010). Under this standard, the court reviews the magistrate judge's report and recommendation for error that is "clear or obvious." *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006), aff'd, 276 F. App'x 125 (3d Cir. 2008) (citations and quotations omitted).

The Magistrate Judge appropriately conducted a preliminary review of Plaintiff's Motion; properly evaluated Plaintiff's claims; and correctly identified the applicable legal standard relevant to the claims. In that regard, the Magistrate Judge determined that the statutory provisions cited by Plaintiff would not support the proposed claim for monetary damages by Plaintiff against the Library. As the Magistrate Judge explains, Title VII of the Civil Rights Act is inapplicable to Plaintiff because it applies only to claims of employment discrimination—which Plaintiff's claim

is not. (Dkt. No. 15 at 2). ADA section 12117(a) is similarly inapplicable. Further, Plaintiff cannot claim damages under 29 U.S.C. § 794 because this section of the Rehabilitation Act directs Executive agencies, the United States Postal Service, and organizations and institutions that receive Federal financial assistance to promulgate rules and regulations. *Id.* at 2, n2. It does not pertain to remedies.[2] As the Magistrate Judge clarifies, the appropriate statute that indicates the remedies available to Plaintiff as a patron of the Library, as alleged in the Complaint, is Title II of the ADA, § 12133, which incorporates the remedies of Rehabilitation Act, 29 U.S.C. § 794a(a)(2), and which, in turn, incorporates the remedies of Title VI of the Civil Rights Act, 42 U.S.C. §§ 20000d, *et seq*. *Id.* at 2 (citations omitted).

Upon independent review of the record in this matter and finding no plain error, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation (Dkt. No. 15) should be adopted in its entirety.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that the Report and Recommendation (Dkt. No. 15) is **ADOPTED** for the reasons stated herein and in the R&R; and it is further

**ORDERED** that Plaintiff's Motion to the Court (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that that the Clerk of Court shall provide a copy of this Order to Plaintiff Reginald Bell by certified mail, return receipt requested.

**SO ORDERED**.

Date:   January 30, 2020                    _____/s/_____
                                            WILMA A. LEWIS
                                            Chief Judge

---

[2] Even if the Court reads Plaintiff's incorrect reference to "the Rehabilitation Act 1973, 29 U.S.C. § 794(a)(1)" as "the Rehabilitation Act of 1973, 29 U.S.C. § 794a(a)(1)," this statutory provision is still inapplicable because it pertains to claims brought in the employment context.