# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| REGINALD BELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GOVERNMENT OF THE UNITED STATES ) <br> VIRGIN ISLANDS, AND DEPARTMENT OF ) <br> PLANNING AND NATURAL RESOURCES, ) <br> DIVISION OF LIBRARIES, ARCHIVES, ) <br> AND MUSEUMS, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 2018-0022 |

**Appearances:**
**Reginald Bell,** *Pro Se*
St. Croix, V.I.

**Erika Marie Scott, Esq.**
St. Croix, V.I.
    *For Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the Motion to Dismiss (Dkt. No. 25) filed by Defendants Government of the United States Virgin Islands and Department of Planning and Natural Resources, Division of Libraries, Archives, and Museums ("Defendants"). Defendants request that Plaintiff Reginald Bell's ("Plaintiff" or "Bell") Complaint (Dkt. No. 1) be dismissed with prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"), or failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). Alternatively, Defendants move the Court to order compliance with the required form of pleadings specified in Federal Rule of Civil

Procedure Rule 10(b). Plaintiff did not respond to the Motion to Dismiss—nor did he seek to amend the Complaint to correct the alleged deficiencies identified in the Motion to Dismiss—within the time period to which he stipulated at the December 11, 2018 status conference or thereafter.

For the reasons discussed below, the Court will deny the Motion to Dismiss to the extent that it seeks to dismiss the Complaint for lack of subject matter jurisdiction or improper form of pleadings, and will grant the Motion to Dismiss the Complaint, without prejudice, for failure to state a claim upon which relief can be granted.

## I. BACKGROUND

Plaintiff's Complaint alleges that Defendants violated Title II of the Americans with Disabilities Act, as amended, ("ADA"), 42 U.S.C. § 12131 *et seq.* ("Title II") by denying him access to the Florence A. Williams Public Library (the "Library") on St. Croix, Virgin Islands, with his service animal. (Dkt. No. 1 at 3). Plaintiff seeks injunctive relief and monetary damages of $500,000 against Defendants. *Id.* at 4.

Prior to the instant action, Plaintiff filed an administrative complaint with the United States Department of Education Office of Civil Rights ("OCR") concerning this incident. Following an investigation, OCR concluded that the Library had violated the applicable law. (Dkt. No. 26, Ex. 2). To address the Library's violation of Title II and its implementing regulations at 28 C.F.R. Part 35, OCR and the Library entered into a Resolution Agreement. (Dkt. No. 26, Ex. 3). The Resolution Agreement detailed three Action Items for the Library to complete in order to remedy the violation, as well as Reporting Requirements for providing information to OCR.

Per Action Item 1, the Library was required to write a letter to Plaintiff "advising[] that he is permitted to have access to the Library with his service animal" subject to a "limited inquiry"

2

into "whether the animal is required because of a disability, and what work or task the animal has been trained to perform." *Id.* at 1. Defendants submitted a copy of that letter as Exhibit 4 to their Motion to Dismiss. (Dkt. No. 26, Ex. 4).

Per Action Item 2, the Library was required to update their written policies and procedures for animals (the "Service Animal Policy") to include the following elements. *Id.* First, "the Library may make only two inquiries to determine whether an animal qualifies as a service animal: (1) is the animal required because of a disability; and (2) what work or task has the animal been trained to perform. The Library will not require documentation [relating to the service animal]." Second, the Library must allow individuals with service animals access to "all areas of the Library's facilities where members of the public, participants in services, programs, or activities, or invitees, as relevant, are allowed to go." *Id.* The Library may only require the individual "to remove the service animal from Library property if (1) the animal is out of control and effective action cannot be taken to control it; or (2) the animal is not housebroken." *Id.* at 1–2. Third, the Library must make reasonable modifications for the purpose of avoiding discrimination against persons with disabilities, including "providing assistance to a patron with a disability in tethering or untethering the service animal, or escorting a patron with a disability throughout the Library as he or she is accompanied by a service animal." *Id*. at 2. The only exception to making these reasonable modifications is if "the Library can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." *Id.* Finally, "[t]he Library will not require a surcharge for the use of a service animal on Library property." *Id.*

A copy of the updated Service Animal Policy and a sign-in sheet with the names and signatures of library staff members acknowledging receipt thereof are attached to the Motion to Dismiss as Exhibit 5. (Dkt. No. 26, Ex. 5, 3–6). The Library reported to OCR that the Library's

3

website was being updated and the updated policy could not be posted there as required until the website's launch later in 2018. *Id.* at 1. According to the Library, the policy would be posted on the Library's Facebook page. *See id.*

Per Action Item 3, the Library was required to "provide training [on the Library's obligations under the ADA as it pertains to service animals] to all Library staff whose duties include the public patrons of the [L]ibrary." (Dkt. No. 26, Ex. 4 at 2–3). In this training, the Library was required to "clarif[y] that there is no requirement that the visitor provide evidence of his or her disability or evidence of the animal's certification." *Id.* The Library reported that the training of the staff was provided as required and the sign-in sheet of the staff was attached to the Motion to Dismiss as Exhibit 5. (Dkt. No. 26, Ex. 5, at 7–8).

The Resolution Agreement became effective on May 23, 2018. *Id.* at 3. Pursuant to the administrative process, "OCR may visit the Library, interview staff, and request such additional reports or data as are necessary for OCR to determine that the Library" complies "during the monitoring of [the Resolution Agreement]." *Id.* Further, after written notice of an alleged breach, "OCR may initiate administrative enforcement or judicial proceedings to enforce the specific terms and obligations of [the Resolution Agreement]." *Id.*

In the Memorandum in Support of the Motion to Dismiss (Dkt. No. 26), Defendants make three arguments. First, Defendants contend that Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Complaint fails to establish a *prima facie* case of disability discrimination under the ADA. (Dkt. No. 26 at 2–3). Specifically, Defendants argue that Plaintiff fails to allege that he is an individual with a disability as required to make out a *prima facie* case for relief under the ADA. *Id.* at 5–6. Further, Defendants argue that Plaintiff has not alleged sufficient facts to establish that his dog is a service animal. *Id.* at 6.

4

Second, Defendants argue that the Court lacks subject matter jurisdiction because the claim is moot. (Dkt. No. 26 at 3). Defendants maintain that Bell has already received full resolution through the administrative channels of OCR and the Library has complied with the terms of the Resolution Agreement developed by OCR. *Id.* at 7. According to Defendants, because Plaintiff has received full injunctive relief and Title II of the ADA does not provide for monetary damages, Bell's claim has been rendered moot. *Id.* at 8–9.

In the alternative, Defendants request that Plaintiff be required to amend his Complaint in order to comply with Federal Rule of Civil Procedure Rule 10(b), Form of Pleadings, by stating his claims in numbered paragraphs, with each paragraph limited to a single set of circumstances, in order to promote clarity.

Following Plaintiff's failure to timely respond to Defendants' Motion to Dismiss, Magistrate Judge Ruth Miller held a status conference with the parties on December 11, 2018. After discussion of Defendants' Motion to Dismiss, the parties stipulated to an extension of time for Plaintiff to file a response. At Plaintiff's request, the Magistrate Judge set a deadline of December 27, 2018 for the submission of Plaintiff's response. The deadline passed without a filing from Plaintiff of either a response to the Motion to Dismiss or a request to amend the Complaint to cure the alleged deficiencies identified in Defendants' Motion to Dismiss, and no filing has been submitted to date.

## II.  APPLICABLE LEGAL PRINCIPLES

### A.  Subject Matter Jurisdiction

Subject matter jurisdiction refers to the Court's power to hear a case. *Cty. of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001). Such jurisdiction is a threshold matter and thus any challenge thereto must be resolved before any further proceedings. *Id.*

Article III of the Constitution provides that federal judicial power extends to cases and controversies. *See* U.S. Const. art III, § 2, cl.1. The mootness doctrine precludes federal courts from issuing advisory opinions by requiring that an actual controversy exists between adverse litigants. *See, e.g.*, *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

A justiciable case or controversy requires that a party have a continuing, personal interest in the outcome of the litigation. *See, e.g.*, *Freedom from Religion Found. Inc v. New Kensington Arnold Sch. Dist.*, 832 F.3d 469, 476 (3d Cir. 2016) ("[M]ootness ensures that this [requisite personal] interest 'continues throughout' the duration of the case." (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997)). In addition, when events subsequent to the filing of a case mean that the decision of the federal court will not have any effect in the matter before it, the case must be dismissed as moot. *See Church of Scientology of California v. United States*, 506 U.S. 9, 11 (1992) ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatsoever' to a prevailing party, the appeal must be dismissed.'" (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895))).

Because a suit must be justiciable throughout its pendency, a mootness challenge to subject matter jurisdiction may arise at any time. *See Brown v. Phila. Hous. Auth.,* 350 F.3d 338, 346–47 (3d Cir. 2003); *Williams v. Sec'y Pennsylvania Dep't of Corr.*, 447 F. App'x 399, 402 (3d Cir. 2011). In considering a factual challenge to the justiciability of a claim, the court has the discretion to consider evidence that a moving party may introduce. *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). A case is moot if "(1) it can be said with

assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Phillips v. Pennsylvania Higher Education Assistance Agency*, 657 F.2d 554, 569 (3d Cir. 1981), *cert. denied* 455 U.S. 924 (1982) (citations omitted).

B.    **Failure to State a Claim**

In ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), courts accept a plaintiff's "factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Title II of the ADA prohibits discrimination by public entities on the basis of an individual's disability. 42 U.S.C. § 12132 ("[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.").[1] To make out a *prima facie* case of disability discrimination under Title II, a plaintiff must allege that: "(1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities; and (3) such

---

[1] For purposes of the statute, "the term 'disability' means, with respect to an individual—(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C § 12102. "The term 'public entity' means—(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority[.]" 42 U.S.C. § 12131(1).

7

exclusion, denial of benefits, or discrimination was by reason of his disability." *Muhammad v. Court of Common Pleas of Allegheny Cty., Pa.*, 483 F. App'x 759, 762 (3d Cir. 2012) (citation omitted); *see also Carter v. Taylor*, 540 F. Supp. 2d 522, 527 (D. Del. 2008) (citing *Jordan v. Delaware*, 433 F.Supp.2d 433, 439 (D. Del. 2006).

### C. Form of Pleading

Federal Rule of Civil Procedure 10(b) provides that "[a] party must state its claims [] in numbered paragraphs, each limited as far as practicable to a single set of circumstances…. If doing so would promote clarity, each claim founded on a separate transaction or occurrence [] must be stated in a separate count…." It is well established, however, that the Court reviews a pro se complaint by "less stringent standards than formal pleadings drafted by lawyers." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) (citing *Haines v. Kerner*, 404 U.S. at 520)); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).[2]

### III. DISCUSSION

In seeking relief under Title II of the ADA, Plaintiff alleges that Defendants failed to accommodate his service animal, and requests money damages in the amount of $500,000.00 and injunctive relief in the form of (1) compliance with the ADA and (2) "signage welcoming service animals." (Dkt. No. 1 at 4). Pursuant to Title II, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42

---

[2] The Federal Rules of Civil Procedure provide for a Motion for a More Definite Statement under Rule 12(e). If a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response," the responding party may move for a more definite statement prior to its responsive pleading. Fed. R. Civ. P. 12(e). Because Defendants do not allege vagueness or ambiguity of the Complaint, the Court does not address this Rule.

8

U.S.C. § 12132. A public entity must provide a qualified individual with a disability, "an opportunity to participate [in its services] that is [] equal to that afforded others," and may not "otherwise limit a qualified individual with a disability in the enjoyment of any right, privilege, advantage, or opportunity" that other individuals have received in using the services. 28 C.F.R. § 35.130(b)(1)(iii), (vii). A requested modification is necessary to prevent discrimination on the basis of disability if the public entity cannot otherwise provide full and equal enjoyment by a person with a disability. 42 U.S.C. § 35.130(b)(7).

### A. Mootness

Defendants argue that Plaintiff's claims for injunctive and monetary relief are moot and thus the Court should dismiss those claims with prejudice. According to Defendants, "the Supreme Court has found that Title II allows injunctive relief only." (Dkt. No. 26 at 7 (citing *Newman v. Piggy Park Enterprises, Inc.*, 390 U.S. 400, 401 (1968))). Further, Defendants argue that Plaintiff's claims for injunctive relief are moot because his claims were satisfied as a result of the actions taken by the Library in accordance with the terms of the Resolution Agreement developed by OCR. *See* Dkt. No. 26, Exhibits 1–5.

The Court disagrees. First, Defendants incorrectly assert "that Title II [of the ADA] allows injunctive relief only." (Dkt. No 26 at 7).[3] To the contrary, compensatory damages are available under Title II of the ADA, although they "require a finding of intentional discrimination." *S.H. ex rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248, 261 (3d Cir. 2013) ("[T]he Supreme Court has observed that, 'the remedies for violations of [Title II of the ADA] are coextensive with the

---

[3] Defendants cite *Newman v. Piggy Park Enterprises, Inc.*, 390 U.S. 400, 401 (1968) to support their position. However, the Supreme Court in *Newman* resolved an issue regarding Title II of the Civil Rights Act of 1964, which governs private actors and is inapplicable to this case.

9

remedies available in a private cause of action under Title VI of the Civil Rights Act of 1964.'"));
*see also* Rehabilitation Act of 1973, § 505(a)(2), 29 U.S.C. § 794a(a)(2) (Rehabilitation Act is analogous to the ADA); ADA, § 203, 42 U.S.C § 12133 (Title II enforcement provision). [4] Thus, Plaintiff's claim for money damages is not subject to dismissal for lack of subject matter jurisdiction.

Second, Defendants state that they have provided Plaintiff with the full spectrum of injunctive relief as per the Resolution Agreement between OCR and the Library. OCR found that Defendants had violated Title II of the ADA and required Defendants to comply with three Action Items and related Reporting Requirements. The Court must determine if "(1) it can be said with assurance that there is no reasonable expectation that the [ADA service animal] violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Phillips*, 657 F.2d at 569.

In *Bennett v. Corr. Med. Servs., Inc.*, Civ. No. 02-4993 (NLH), 2008 WL 2064202 (D.N.J. May 14, 2008), Plaintiffs sued for injunctive relief, alleging that they were knowingly exposed to hepatitis C virus while incarcerated in New Jersey state prisons. Plaintiffs sought "an injunction requiring defendants to comply with FBOP guidelines, [and] an injunction requiring backscreening of the entire population of inmates who have passed through and/or remain in the New Jersey state prison system … ." *Id.* at *1. Defendants, representatives of the state and private medical contractors operating New Jersey state prisons, met their burden of proving (1) that there was no

---

[4] A plaintiff must prove that a defendant acted with discriminatory intent to succeed on a claim for compensatory damages. *See Durrell*, 729 F.3d at 261 (holding that "claims for compensatory damages under § 504 of the [Rehabilitation Act] and § 202 of the ADA also require a finding of intentional discrimination."); *see also Chambers v. Sch. Dist. of Philadelphia Bd. of Educ.*, 537 F. App'x 90, 96 (3d Cir. 2013).

10

reasonable expectation that the alleged violations would recur and (2) that Defendants' policy change had completely and irrevocably eradicated the effects of the alleged violation. *Id*. at *4. Defendants provided evidence that the prison system had changed their policies to align with the Federal Bureau of Prison's Guidelines for new inmates and provided backscreening for current inmates. *Id.* The defendants submitted several sworn affidavits, including one from the medical director of the contractor who allegedly violated plaintiffs' rights, providing a list of actions taken by defendants to show that the program was adopted and implemented and is being monitored going forward. *Id.* at *4–*7. The district court found that because the defendants "provided evidence showing that a formal written policy has been adopted, is being followed, and that there are safeguards in the policy to ensure its future compliance," there was "no further injunctive relief that the Court could order that has not already been provided by the Defendants." *Id.* at *7. Accordingly, the district court found that the claims for injunctive relief were moot. *Id.*

*Bennett* is instructive here. In order for the Court to find that the alleged ADA violations will not recur and that the effects of the alleged violation have been eradicated, the Court looks to the evidence which Defendants present as allegedly responsive to the requirements of the Resolution Agreement. Defendants argue that "Mr. Bell's claim is moot because the Court would ask for the same or similar policy updates from the library [as OCR did in the Resolution Agreement]." (Dkt. No. 26 at 8). However, Defendants have not demonstrated full compliance with the Resolution Agreement. While Defendants provide evidence that they have complied with two of the three Action Items required by the Resolution Agreement—the individual remedies for the Complainant and the Training for staff—there is no indication that the new Service Animal Policy has been published on the Library's website, which was to be launched in 2018, rather than as an interim measure on the Library's Facebook page. *See* Dkt. No. 26 at 8–9, Ex. 3 at 2.

11

Moreover, there is insufficient evidence by affidavit or otherwise to conclude that as a result of monitoring, continuing training—including of new employees—and the like, there is a reasonable expectation that the violation will not recur. Accordingly, the Court finds that the claim for injunctive relief is not moot.

B. **Failure to State a Claim**

To state a claim under Title II of the ADA, a plaintiff must allege three elements: "(1) he is a 'qualified person with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Muhammad v. Court of Common Pleas of Allegheny Cty., Pa.*, 483 F. App'x 759, 762 (3d Cir. 2012).

The Complaint fails to allege a *prima facie* case of disability discrimination. As Defendants point out, although the Complaint refers to Plaintiff's use of a "service animal," the Complaint fails to allege that Plaintiff is an individual with a disability for purposes of the ADA. Indeed, the Complaint does not provide any indication as to what type of physical or mental impairment Plaintiff has, if any. As such, Plaintiff's Complaint fails to plead that Plaintiff has a disability as required to state a *prima facie* case under Title II of the ADA.

Plaintiff was placed on notice regarding this deficiency in his Complaint through Defendants' Motion to Dismiss. Magistrate Judge Miller subsequently held a status conference on December 11, 2018, during which the parties discussed Defendants' Motion to Dismiss and Plaintiff's need to cure the deficiency, but he has failed to do so. Under these circumstances, the dismissal of Plaintiff's Complaint is warranted based on Plaintiff's failure to state a claim upon which relief may be granted. Nonetheless, recognizing that Plaintiff is a *pro se* litigant, the Court

will exercise its discretion to dismiss Plaintiff's claims for monetary damages and injunctive relief without prejudice. *See Pruden v. SCI Camp Hill*, 252 F. App'x 436, 438 (3d Cir. 2007) (noting that a district court has discretion to dismiss a plaintiff's complaint with or without prejudice following a failure to timely amend) (citing *In re Westinghouse Securities Litigation,* 90 F.3d 696, 704 (3d Cir. 1996)).

### C. Form of Pleading

Defendants argue that Plaintiff fails to "state [his] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b). (Dkt. No. 26 at 9). According to Defendants, it would be "difficult to answer his complaint" with numbered paragraphs. *Id.*

It is well established that the Court must assess a pro se complaint by "less stringent standards than formal pleadings drafted by lawyers." *Mala*, 704 F.3d at 244 (citing *Haines*, 404 U.S. at 520)). The essential facts of the Complaint are not set forth in numbered paragraphs, but they are briefly summarized in six sentences. (Dkt. No. 1 at 3). Applying the required "less stringent" standard, the Court finds that Defendants can frame a responsive pleading.

### IV. CONCLUSION

For the reasons discussed above, the Court will grant in part Defendant's Motion to Dismiss Plaintiff's Complaint. Specifically, the Court will dismiss the Complaint without prejudice for failure to state a claim upon which relief can be granted, and deny the relief sought pursuant to Rule 12(b)(1) and Rule 10(b). An appropriate Order accompanies this Memorandum Opinion.

Date: January 30, 2020 _____/s/_____
WILMA A. LEWIS
Chief Judge